FILED
IN CLERK'S OFFICE
2014 APR
US DISTRICT COURT
DISTRICT OF MASS

# United States District Court
# District of Massachusetts

United States

v.                    Case No. 1:11-cr-10200-JLT

Marcel Henderson

In Support of Petition To Bar Prior Conviction In View of Alleyne. Motion to Procedurally Bar Sentencing Factors Determined By The Court Under Title 18 U.S.C. "3231" and United States v. Hudson and Goodwin Because Sentencing Factors Are Not Considered offenses Against The Laws Of The United States.

As a matter of introduction, the Defendant, Marcel Henderson, by and through Hybrid capacity, Submitted this motion to aid the court with imposing a time guideline in his case that is sufficien, but not greater than necessary to achieve the statutory sentencing purposes supported by his jury verdict. Mr. Henderson respectfully suggests that the Sentencing Factors used to enhance his sentence be vacated by the court to help prevent a further miscarriage of justice.

## Constitutional And Statutory Provisions Involved

Federal Criminal Procedure Rule provides; Title 18 U.S.C "3231" gives the federal courts original and exclusive jurisdiction over all offenses against the Laws of the United States. The Fifth Amendment of the Unite States Constitution provides in relevant part; "No person shall be held to answer for a capital, or otherwise

1

infamous crime, unless on a presentment or indictment of a grand jury."

The Sixth Amendment of the United States Constitution provides in relevant part: "In all criminal Prosecutions, the accused shall enjoy the right to a speedy and public trial by an impartial jury..."

The Fourteenth Amendment of the United States Constitution provides in relevant part: "Nor shall any state deprive any person of life, liberty, or property, without due process of law."

The Ex Post Facto Clause of the U.S. Constitution provides: "No... ex post facto law shall be passed." United States Constitution Article 1, 9, C1, 9
The relevant provisions of the Federal Sentencing Guide lines Manual (2D1.1(a)(3)(1), 2D1.1(B)(1), and 3B1.1(a).

Reasons To Granting Motion

Issue Number One:
Title 18 U.S.C. "3231" bars Mr. Henderson's 15 to Life, 924(E) charges because our Congress never made past prior state convictions as a crime, offense against the Laws of the United States.

As a matter of first impression Mr. Marcel Henderson argues that title 18 U.S.C § 3231 Procedurally bars the court from sentencing him to Judge determined facts that are not supported by the Statutory Laws and Act of Congress. Thus, the court is fully aware that an offense created under the umbrella of the Legislater are created by the statute and not the

2

court. However, if there is no congressional statute making it **unlawful** for an individual to have past prior convictions, then for the court to make it so, the court would be taking the place of our Congress by creating new crimes on its own.

The Highest Court In The Land Has Held the Following
"If the legislature undertakes to define by statue a new offence and to provide for it's punishment, it should express it's will in language that will not deceive the common mind, every man being entitled to know with certainty when he is committing a crime."

In the Reese Case, The Supreme Court made it clear that, if Congress has not declared an act done within the state to be a crime against the United States, The Federal District Courts have no powers to treat it as such. Federal Crimes are defined by Congress, Not the Courts. See, Staples v. United States, 511 U.S. 600 (1994) (noting) that the definition of a criminal **offence** is entrusted to the legislature. Particularly in the case of Federal crimes which are solely creatures of statue. See Lanzetta v. New Jersy, 306 U.S. 451.

The text of title 18 U.S.C. "3231" is plain, the district courts of the United States shall have original jurisdiction, exclusive of the courts of the United States District. See, Cal. Code Civ. Proc. 1858 (in the construction of a statute or instrument, the office of a judge is simply to ascertain and declare what is in terms or in substance contained therein, not to insert what has been ommitted...) Cal. Civ. Code 3530 (That which does not appear to exist is to be regarded as if it did not exist, See Also, Simmons v. Arnim, 220 S.W. 66, 70 (Tex. 1990) (Court must take statutes

3

as they find them... they are not the law making body. They are not responsible for ommissions in legislation.") R.W.M. Dias, Jurisprudence 232 (4th Ed. 1976) (A Judge may not add words that are not in the Statute, save only by necessary implication) Thus, it is Mr. Henderson's contention that now before the court that "3231" as stated within its text procedurally bars the Court from Sentencing him to A.C.C.A as a Crime against the Laws of the United States because Prior Common Law Convictions are not Crimes Against the United States.

The EX Post Facto Clause raises to the Constitutional level one of the most basic presumptions of our law; legislation, especially of the criminal sort, is not to be applied retroactively. Id. At 701, the nature or amount of punishment imposed for a crime's commission, should not be altered by legislative enactment, after the fact, to the disadvantage of the accused. Beazell v. Ohio, 269 U.S. 167, 170 (1925). The clause assures that legislative acts give fair warning of their effect and permits individuals to rely on their meaning until explicitly changed. Weaver v. Graham, 450 U.S. 24 28-29 (1981). It also restricts governmental power by restraining arbitrary and potentially vindictive legislation. Id. At 29. In addition, the EX Post Facto Clause serves a fundamental fairness interest, even apart from any claim of reliance or notice, in having the government abide by the rules of law it establishes to govern the circumstance under which it can deprive a person of his or her liberty or life. Carmell v. Texas, 529 U.S. 513, 533 (2000). Regulatitions, like statutes, are laws subject to the strictures of the EX Post Facto Clause. See, Peugh v. United States, (Citation Ommitted).

4

## Issue Number TWO:

Title 18 U.S.C "3231" Procedurally Bars The Courts Sentencing Factors Enhancements Under The Federal Sentencing Guideline(s) because the Provision of, 924(E)(C)(A)(i), Are not created As An offense or Crime against the laws of the United States.

Even under the post-Booker "Advisory" Guidelines regime, increases in the Guideline Sentencing ranges create A significant risk of increased incarceration. The Sentencing Enhancements Application thus Also violates the Ex Post Facto Clause. In the present cas at hand, Mr. Henderson Argues that the Statutory language of "3231" forbids this Court's use of Sentencing enhancements because our legislator's have never defined the Sentencing factors determined by the Court As Crimes/offenses against the laws of the United States. Thus, the Sentencing Guidelines Are Created by the sole Actions of the Sentencing Commission operating with no Constitutional Authority to enact laws on Account of our Congress. see, United States V. Booker, 543 U.S. 220 (2005). The Crux of Mr. Henderson's position is that "3231" is what governs the district Courts jurisdiction giving All Federal Courts only Authority to use information relating to All federal Crimes that our legislature has declared as Acts/offenses against the laws of the United States. Mistretta V. United States, 488 U.S. 361 (1989) Federal Crimes are defined by our Congress and not the Commission.

However, the Advisory Guidelines created by the Sentencing Commission could never over-power the statutory power And Authority of Title 18 U.S.C "§3231". The court must be forever mindful of the fact that "3231"'s statutory language is concise, Clear and to the point, Placing no exceptions to the Courts Subject matter jurisdiction.

### The Problem Here:

1) The Sentencing Commission does not write Crimes into Law.
2) The Sentencing Commission guideline provisions Are Sentencing Factors only and not offense elements.

5

3. The Statutory provision under 924(E)-A.C.C.A is not a crime, offense against the laws of the United States.

For these reasons Mr. Henderson ask that this Court in case it has to sentence Him, sentence him to only the facts that were determined by his jury beyond a reasonable doubt upon conviction to prevent a gross miscarriage of justice.

Issue Number Three:

Title 18 U.S.C. "3231" and United States V. Hudson and Goodwin Procedurally Bars The District Court From Using Mr. Hendersson's Common Law state of Massachusetts Prior Convictions To Enhance His Federal Sentence because Mr. Henderson's State Prior Convictions Are not offenses Committed against The United States.

The Crux of Mr. Henderson's issue now raised before the Court For the very first time establishes that his state of Massachusetts Prior Convictions Are not regulated under Federal Criminal Codes Title 18 U.S.C. Nor 21 U.S.C.. However, without the validity of 18 U.S.C. "3231" a federal Court must revert, Mr. Henderson's State of Massachusetts prior offenses back to the state. Thus, the Statutory language of "3231" makes it Perfectly clear that All Federal District Courts of the entire Federal System only has jurisdiction over All offenses that are against the laws of the United States. To the extent Federal underline the rules that Congress may create offenses against the United States only pursuant to its delegated powers. See, United States V. Fell, 571 F.3d 264 (2nd Cir. 2004). In the case of United States V. Arnold, 126 F.3d 82 Second Circuit Court of Appeals made it clear that "there is no Common Law of Crimes." Citing United States V. Hudson and Goodwin, 11 U.S. (7 Cranch) 32, 34, 3 L. Ed. (1812). State Criminal Law supplies no Authority for interpreting a federal Statute. See, United States V. Caraballo-Rodriguez 480 F.3d 62, (deciding that federal Courts could not exercise a common law jurisdiction in Criminal cases). See, Drake V. Cheyenne Newspaper, 842 F. Supp. 1403 (10th Cir. 1994)

6

(stating that lower federal courts possess no jurisdiction but what is given them by the powers that creates them).

Here in the case at hand Mr. Henderson's prior convictions are not offenses against the laws of the United States so the question remains as to how the court feels that it could govern Mr. Henderson's state priors in light of Title 18 U.S.C "3231". However, Title 18 U.S.C "3231" has no rowing jurisdiction nor does it have exception within its statutory language stated in the text.

Fore these here above reasons Mr. Henderson seeks his relief sought to help prevent a further miscarriage upon the Court.

## Issue Number Four:

Title 18 U.S.C "3231" And United States V. Hudson And Goodwin Procedurally Bars Almendarez-Torres And Apprendi V. New Jersey Giving The Federal District Courts Authority to Use State Common Law Prior Convictions.

If Congress has not declared an act done within a State to be a crime against the United States, the courts have no power to treat it as such. United States V. Hudson and Goodwin, 7 Cranch, 32. However, to say that the Supreme Court's holding of Almendarez-Torres, 140 L.ed.2d 350 and Apprendi V. New Jersey, 147 L.ed.2d 435 (2000) governs the Federal Court's use of prior convictions when they are not offenses against the laws of the United States would render "3231" meaningless. Wherehere, one Abrogates the other. The Supreme Court's opinion of Almendarez-Torres Along with Apprendi V. New Jersey gives the District Court jurisdiction to use state common law Prior Convictions would be to overrule United States V. Hudson and Goodwin, 32 ed. 259, 7 Cranch, 32. In Hudson and Goodwin, the Supreme Court made it perfectly clear that the federal courts only got jurisdiction

7

over Federal Crimes, only created under the Federal Constitution. However, no Supreme Court case ruling could give the Federal Court jurisdiction over Congress' statute Title 18 U.S.C. §3231".

However, under the power of Stare Decisis the Court must follow earlier precedent when deciding similar issues now raised. See, Hudson and Goodwin.

### The Problem Here:

1) Under Stare Decisis; the Court must follow the set principles of United States v. Hudson and Goodwin **Instead** of Almendarez-Torres and Apprendi v. New Jersey.

2) United States v. Hudson and Goodwin, 7 Cranch, 32 is incompatible and at odds with Almendarez-Torres and Apprendi v. New Jersey giving the District Court jurisdiction to process Common Law / State prior convictions.

3) The Federal District Courts never addressed the matter at hand on how United States v. Hudson, forbids Almendarez-Torres and Apprendi v. New Jersey from using State prior convictions within the Federal Courts.

4) To Rule that this here District Court has jurisdiction to use State Prior Convictions in the Federal System when they are not considered offenses against the Laws of the United States would be to over turn the Hudson and Goodwin case and also do away with Title "3231" at the same time.

For the above stated reasons Mr. Henderson prays that this here Court will address the merits raised to help prevent a further miscarriage of justice upon the Court.

### Conclusion

Mr. Henderson Prays that the Court take Judicial notice of the raised herein said motion and deem whatsoever this Honorable Court feels just and appropriate.

8

Certification

I hereby Certify that a copy of the foregoing was delivered this 26 day of March, 2014 to the Clerk of the Court, the A.U.S.A and Counsel by myself, Through the United States Federal Mail

Signed: Marcel Henderson